**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**BRUNCE SMITH,**

                          **Plaintiff,**

   vs.                                               **9:12-cv-997
                                                               (MAD/DEP)**

**BRIAN FISHER;
D. VENETTOZZI;
JOSEPH WOLCZYK,**

                          **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**BRUNCE SMITH**
99-A-2268
Clinton Correctional Facility
P. O. Box 2002
Dannemora, New York 12929
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**           **KEITH J. STARLIN, AAG**
**STATE ATTORNEY GENERAL**
The Capital
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On June 20, 2012, _pro se_ Plaintiff Brunce Smith, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983 alleging that Defendants deprived him of his civil rights under the Fourteenth Amendment to the United States Constitution. _See_ Dkt. No. 1. Plaintiff alleges that he was deprived of his procedural due process rights by Defendants' failure to notify him that an administrative disciplinary hearing would take place in his absence, and of the

consequences of his failure to appear at the hearing. *See id.*[1]

Presently before the Court is Defendants' motion for summary judgment. *See* Dkt. No. 40. Defendants argue that they are entitled to summary judgment because (1) Plaintiff cannot demonstrate that each defendant was personally involved in the alleged constitutional violation, and (2) no due process violation occurred. *See id.*

In an August 18, 2014, Report and Recommendation, Magistrate Judge Peebles recommended that Defendants' motion for summary judgment be granted. *See* Dkt. No. 51. Specifically, Magistrate Judge Peebles found that Plaintiff's successful New York State Supreme Court Article 78 action did not collaterally estop this Court from determining whether a constitutional violation occurred. "[U]nlike New York State law, the due process clause of the Fourteenth Amendment to the United States Construction does not require that an inmate be informed of his right to attend a disciplinary proceeding and the consequences of failing to do so in order to find a knowing and voluntary waiver of that right. Because [Plaintiff's Article 78 proceeding] did not decide whether plaintiff's rights under federal law were violated, his decision does not have preclusive effect in this action, where plaintiff seeks relief for an alleged violation of his rights under the United States Constitution." *Id.* at 13-14. Magistrate Judge Peebles further found it "immaterial to this action that New York State law requires that an inmate be informed of the right to attend a disciplinary hearing and the consequences of failing to do so in order to knowingly and voluntarily waive that right because there is no such requirement for an effective waiver under the federal constitution." *Id.* at 17. Based on the undisputed facts in the record, Magistrate Judge Peebles found that "no reasonable factfinder could conclude that plaintiff's waiver of his right to attend the disciplinary hearing was involuntary or that plaintiff was deprived

---

[1] For a complete summary of the relevant facts, the Court refers to Magistrate Judge Peebles' August 18, 2014 Report and Recommendation. *See* Dkt. No. 51 at 3-8.

his constitutional right to appear at the hearing and present a defense." *Id.* at 18-19.

Plaintiff filed a letter dated August 28, 2014, seeking an extension to file objections to Magistrate Judge Peebles' Report and Recommendation, *see* Dkt. No. 52, which the Court granted on September 3, 2014, *see* Dkt. No. 54. Thereafter, Plaintiff timely submitted objections to the Report and Recommendation. *See* Dkt. No. 55. Plaintiff argues that Magistrate Judge Peebles erred because "the court[']s focus is primarily upon the judge[']s decision within the Article 78 proceedings and not upon the law relating to these proceedings." *Id.* at 1. Plaintiff asserts that summary judgment should have been denied because the inquiry into whether the conditions of confinement were "atypical and significant," as required under relevant federal law, will ordinarily require fact-finding. *See id.* at 3. Plaintiff also appears to assert that he intended to plead an Eighth Amendment cruel and unusual punishment claim, which Magistrate Judge Peebles did not address. *See id.* Plaintiff also cites to a number of state law cases for the proposition that a waiver of a constitutional right must be voluntary, knowing, and intelligent. *See id.* at 4.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation,

3

even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of

material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

In the present matter, contrary to Plaintiff's contention, Magistrate Judge Peebles' discussion of Plaintiff's Article 78 petition is relevant to a proper disposition of the pending motion. Moreover, Magistrate Judge Peebles' analysis of whether issue preclusion, or collateral estoppel, precluded this Court from deciding whether Plaintiff's constitutional rights were violated included a thoughtful analysis of controlling federal law.

Plaintiff's objection on the grounds that summary judgment should have been denied

because the conditions of his confinement were "atypical and significant" and "cruel and unusual" is unavailing. First, Defendants did not seek summary judgment on the "atypical and significant" prong of a federal due process claim. Rather, Defendants argued, and Magistrate Judge Peebles found, that each of the procedural prerequisites to which an inmate is entitled before being deprived of a constitutionally cognizable liberty interest were satisfied. As such, Magistrate Judge Peebles' recommended that, even assuming that Plaintiff had a liberty interest and that Plaintiff was deprived of such liberty interest, Defendants' motion for summary judgment be granted. Second, Plaintiff's attempt to interpose an Eighth Amendment claim at this stage of the litigation is inappropriate. "It is well settled that a litigant may not raise new claims not contained in the complaint . . . in objections filed in response to a Magistrate Judge's report and recommendation." *Bermudez v. Waugh*, No. 9:11–CV–0947, 2013 WL 654401, *6 (N.D.N.Y. Feb. 21, 2013). Even were the Court to allow such a claim at this time, there is no support for it in the record since Plaintiff has not made any specific allegations regarding the conditions he endured while in the Special Housing Unit ("SHU"). "Restrictive SHU conditions on their own do not per se rise to the level of cruel and unusual punishment." *Booker v. Maly*, No. 9:12–CV–246, 2014 WL 1289579, *16 (N.D.N.Y. Mar. 31, 2014) (citations omitted).

Plaintiff's objection based upon state law cases regarding waiver of a constitutional right is also unavailing. Plaintiff cites to a number of New York state cases which were decided in the context of Article 78 challenges to prison disciplinary proceedings. As discussed in the Report and Recommendation, these cases are not determinative of the issues presented here.

Finally, Plaintiff's assertion that Magistrate Judge Peebles failed to construe the evidence in the light most favorable to the party opposing a motion for summary judgment is unfounded. Based upon the record presented, including Plaintiff's own admissions, Magistrate Judge Peebles found that no reasonable factfinder could conclude that Plaintiff was deprived of his procedural

6

due process rights. This finding was made in accordance with the court's obligation to draw all reasonable inferences in Plaintiff's favor. Based on the foregoing, the Court finds that Magistrate Judge Peebles correctly determined that Defendants' motion for summary judgment should be granted and that Plaintiff's complaint should be dismissed.

After carefully considering Magistrate Judge Peebles' August 18, 2014 Report and Recommendation, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Peebles' August 18, 2014 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 40) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: September 26, 2014
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge